UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA :
: CONSENT PRELIMINARY ORDER
     - v. - : OF FORFEITURE/
: MONEY JUDGMENT
SEQUAMN STORTS, :
    a/k/a "Pooh" : 20 Cr. 576 (PMH)
:
               Defendant. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

        WHEREAS, on or about October 26, 2020, SEQUAMN STORTS, a/k/a "Pooh" (the "Defendant"), was charged in a three-count Indictment, 20 Cr. 576 (PMH) (the "Indictment"), with narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count One); and narcotics possession, in violation of Title 21, United States Code, Section 841(a)(1) (Counts Two and Three);

        WHEREAS, the Indictment included a forfeiture allegation as to Counts One through Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offenses charged in Counts One through Three of the Indictment, and any and all property used, or intended to be used, in any manner or part, to commit or to facilitate the commission of the offenses charged in Counts One through Three of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offenses charged in Counts One through Three of the Indictment;

        WHEREAS, on or about March 12, 2021, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant

admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment, and any and all property used, or intended to be used, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including a sum of money representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $8,519.00 in United States currency, representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Audrey Strauss, United States Attorney, Assistant United States Attorney, Courtney Heavey, of counsel, and the Defendant, and his counsel, Elizabeth Quinn, Esq., that:

1. As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $8,519.00 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, SEQUAMN STORTS, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

7. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8. The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

AUDREY STRAUSS
United States Attorney for the
Southern District of New York

By: _____          10/6/21
COURTNEY HEAVEY                                DATE
Assistant United States Attorney
300 Quarropas Street
White Plains, NY 10601
(914) 993-1927

SEQUAMN STORTS

By: _____          10/6/2021
SEQUAMN STORTS                                 DATE

By: _____          10/6/21
ELIZABETH QUINN, ESQ.                          DATE
Attorney for Defendant
81 Main Street, Suite 300
White Plains, NY 10601

SO ORDERED:

_____              10/6/21
HONORABLE PHILIP M. HALPERN                    DATE
UNITED STATES DISTRICT JUDGE